```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
REGINA M. KEADY, as Executrix of the     :
ESTATE OF MICHAEL P. KEADY,              :
                                         :   07 Civ. 9896 (JSR)
               Plaintiff,                :
                                         :   MEMORANDUM ORDER
          -v-                            :
                                         :
J.P. MORGAN CHASE & CO.,                 :
                                         :
               Defendant.                :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

    Plaintiff Regina Keady, as Executrix of the estate of Michael Keady ("Keady"), sues J.P. Morgan Chase and Co. ("Chase") to recover a $375,000 payment Keady claims Chases owes Keady as part of his severance package. The case was initially filed in the District of New Jersey, but, upon Chase's motion, transferred to this Court. Prior to transfer, Chase moved to dismiss the Complaint on the ground that Keady had forfeited the payment by filing a separate lawsuit against Chase, thereby violating the terms of the Release Agreement Keady had signed in order to receive the severance package. Following transfer, this Court, after reviewing the previously-filed motion papers, heard oral argument on the motion to dismiss on January 23, 2008, and now rules on the motion.

    By way of background, Michael Keady was an employee of and shareholder in a company called Plexus Group, Inc. ("Plexus"), an investment consulting firm that was acquired by Chase through a Stock Purchase Agreement dated August 19, 2002. Brief in

1

Opposition to Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(B)(6) Or, in the Alternative, for Transfer Pursuant to 28 U.S.C. 1404(a) at 3 ("Pl. Mem."). Keady continued to work for Plexus/Chase until March 31, 2004, when Chase notified Keady by letter that it was terminating his employment. See Letter from Trish Jeffers to Michael Keady, dated March 31, 2004 ("Notice Letter"), Ex. A to Complaint ("Compl."). The Notice Letter advised Keady that he would receive certain severance payments and other benefits, including two payments of $375,000 each, "provided that [he] execute and return the enclosed Release Agreement" (the "Release"). Notice Letter at 1, 4. The Release Agreement, which Keady executed on April 16, 2004, in turn provided that Keady would release Chase from any and all liabilities to Keady, and that he would not

> file or assert or permit to be filed or asserted any civil action, suit or legal proceeding seeking equitable or monetary relief . . . in connection with any matter concerning my employment relationship with [Chase] and/or the termination thereof arising from the beginning of the world up to and including the date of execution of this RELEASE (whether known or unknown to me and including any continuing effects of any acts of practices prior to the date of execution of this RELEASE) . . . .

Release Agreement at 1-2, Ex. A to Affidavit of Denise Boyle, submitted with Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) Or, in the Alternative, for Transfer Pursuant to 28 U.S.C. 1404(a) ("Def. Mem.").[1]

---

[1] The Release Agreement contained an exception for "legal obligations of [Chase] set forth in the notice letter," on which

2

In May 2006, Keady and several other former Plexus/Chase employees brought an action against Chase in the Southern District of New York, seeking damages for Chase's alleged mismanagement of Plexus following the Chase acquisition.  See Complaint, Wagner et al. v. JP Morgan Chase Bank, No. 06 Civ. 3126 ("Plexus Complaint"), Ex. A to Affidavit of Josh Rubins, submitted with Def. Mem.  The Plexus Complaint alleged misconduct starting at the time of Chase's acquisition of Plexus and continuing through the termination of Keady (which it mentioned specifically, see id. at ¶ 45) and beyond.  Presumably believing that Keady's filing of the Plexus Complaint violated the Release Agreement, Chase withheld Keady's second severance payment.  Compl. ¶ 4; Def. Mem. at 6.  Keady notified Chase that he believed Chase was in breach of the Letter Agreement.  Compl. ¶ 4.  On December 1, 2006, Keady died, and his estate filed this suit to recover the payment.  Id. ¶ 5.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  Leonard F. v. Israel Discount Bank, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).  Here, the Notice Letter was appended to the Complaint and incorporated into that document by reference, and the Plexus

---

Keady could still sue, but only "so long as [he] adhere[d] to the terms of that letter and of this RELEASE."  Release Agreement at 2.

Complaint is a publicly filed document of which the Court may take judicial notice, see Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003), so the Court may consider both documents in adjudicating the motion to dismiss.

Though somewhat less obviously, the Court may also consider the Release Agreement, which is mentioned both in the Complaint itself, see Compl. ¶ 2(B), and in the Notice Letter attached thereto, to which the Release Agreement was an enclosure, see Notice Letter at 1.  Indeed, the terms and effect of the Notice Letter, which plaintiff thought so important as to attach it to the Complaint, may only be understood if its precondition, the signing of the enclosed Release Agreement, is also taken into account.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (permitting consideration of document "not incorporated by reference" only where the complaint "relies heavily upon its terms and effect," rendering the document "integral to the complaint" (internal quotation marks omitted)).

Nevertheless, at oral argument, the Court, in an excess of caution, converted the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(b) so that it could, without cavil, take account of the Release Agreement.  The Court then gave the parties one week in which to submit additional materials responsive to the conversion to summary judgment, see transcript, Jan. 23, 2008; but neither party chose to do so.

Either way, once cognizance is taken of the Release Agreement, Chase is entitled to judgment dismissing the case as a

4

matter of law.  Keady (through his executrix) does not dispute that the payment here sought was conditioned on his adherence to the Release Agreement and that he executed the Agreement; he disputes only whether his filing of the Plexus Complaint violated the Agreement.  He asserts that it did not – or at least that the Release Agreement is ambiguous with respect to it - because "Keady is not pursuing any claims in the Plexus Litigation based on Chase's conduct prior to April 14, 2004."  Brief in Opposition to Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) or, in the Alternative, for Transfer Pursuant to 28 U.S.C. § 1404(a) at 8.  Even a cursory reading of the Plexus Complaint, however, belies this contention: it clearly and unmistakably asserts that Chase engaged in a variety of misconduct prior to that date, including, for example, Chase's failure to meet the SPA's expenditure requirements in 2003 through 2005 and the May, 2004 termination of Keady himself.[2]  The Court therefore concludes that Keady's filing of the Plexus Complaint violated the unambiguous provisions of the Release Agreement, and that, as an undisputed consequence, he thereby forfeited any entitlement to the $375,000 payment he seeks to obtain through this lawsuit.

---

[2] Keady's argument that the Plexus Complaint was filed on behalf of numerous plaintiffs in addition to himself, and that the pre-April 14, 2004 events are relevant only to those individuals' claims, is untenable, as the Complaint makes no attempt to distinguish Keady's claims from the claims of the other plaintiffs (nor, plausibly, could it do so) or to separate allegations related to events prior to April 14, 2004 from those occurring after that date.

5

The Court, therefore, directs the Clerk of the Court to enter judgment dismissing the Complaint with prejudice.

SO ORDERED.

                                                            JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 3, 2008